UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY H. LIPSCHUTZ,<br><br>      Plaintiff,<br><br> - against -<br><br>AVI "ZISHA" LIPSCHUTZ and<br>DOV NEWMARK,<br><br>      Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

The plaintiff herein, Larry H. Lipschutz ("Plaintiff"), by and through his attorneys, Goldberg Weprin Finkel Goldstein LLP, complaining of the defendants, Avi "Zisha" Lipschutz ("ZL") and Dov Newmark ("Newmark," with ZL, collectively "Defendants"), as and for his Complaint, alleges as follows:

## INTRODUCTION

1. The parties hereto are former equity holders and members of various limited liability companies that owned a group of nursing homes located in the Commonwealth of Massachusetts. Plaintiff is the father of ZL, and was a passive investor in each of the nursing homes operated by his son, ZL. Nevertheless, as part of the ownership group, Plaintiff, along with the Defendants, were each required to execute and deliver certain personal guaranties in favor of Capital Funding, LLC ("Capital Funding" or "CF") and another co-lender AP MA Funding, LLC ("AP," with "CF", collectively the "Lenders"), jointly and severally, guaranteeing various mortgage loans and obligations in favor of the Lenders.

2. The mortgage loans ultimately fell into default and the Lenders accelerated the debts and sued Plaintiff and ZL in New York and Baltimore to enforce their respective

guaranties. The Plaintiff paid substantially all sums owed to the respective Lenders on account of the guaranteed liability, while Defendants either paid nothing at all, or relatively marginal amounts. Accordingly, Plaintiff is instituting this action for contribution, reimbursement and indemnity against his co-guarantors pursuant to a certain backup guaranty agreement defined below and principles of common law contribution.

## PARTIES

3. The plaintiff, Larry H. Lipschutz, is a resident of Florida residing at 4775 Collins Avenue, Miami Beach, Florida 33140.

4. Upon information and belief, at all times relevant hereto, the defendant, Avi "Zisha" Lipschutz, is a resident of New York residing at 17 Van Winkle Road, Wesley Hills, New York 10952.

5. Upon information and belief, at all times relevant hereto, the defendant, Dov Newmark, is a resident of New Jersey residing at 1657 Hidden Lane, Lakewood, New Jersey 08701.

## FEDERAL JURISDICTION

6. This Court has federal subject matter jurisdiction over this action under principles of diversity jurisdiction pursuant 28 U.S.C. § 1332 in that Plaintiff and each of the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## RELEVANT FACTS

**The Capital Funding Loan and Guaranty**

7. Pursuant to a certain March 4, 2014 Loan Agreement, Capital Funding, LLC (previously defined as "CF") loaned the total sum of $36,856,627 (the "Capital Loans") to four

Massachusetts companies (commonly referred to as the "Villages portfolio") known as 22 Maple Street, LLC; 25 Oriol Drive, LLC; 59 Coolidge Road, LLC; and 20 Kinmonth Road, LLC (collectively, the "Village Borrowers").

8. To guarantee the Capital Loans, the Plaintiff and Defendants each executed a certain guaranty agreement of even date wherein each guarantor personally guaranteed the Capital Loans up to the sum of $10 million, plus reasonable collection fees and expenses.

9. The Capital Loans went into default and became the subject of multiple forbearance agreements extending the maturity date until December 31, 2017.

10. Under the last forbearance agreement, the total maximum guaranteed liability for Plaintiff and ZL was reduced to $6,250,000, while Newmark was released by CF from his direct obligations, although he was not released from his Backup Guaranty given to Plaintiff.

11. Following a maturity default on December 31, 2017, CF filed an action against Plaintiff and ZL to recover under their respective guaranties in the United States District Court for the District of Maryland (Civil Action No. 1:18-CV-00215-CCB) (the "Maryland Action").

12. CF obtained a judgment against the Plaintiff on November 14, 2019 for the maximum amount of the guaranty liability of $6,250,000, plus accrued pre-judgment and post-judgment interest and fees.

13. On or about March 27, 2020, CF and Plaintiff finalized an agreement pursuant to which Plaintiff agreed to pay the sum of $6.1 million to resolve the outstanding guaranty debts and obligations. The payment to CF was funded by Plaintiff without any contribution from the Defendants.

**The AP Loan and Guaranty**

14. Pursuant to a certain October 14, 2014 loan agreement, as amended, AP MA Funding, LLC (previously defined as "AP") loaned the total sum of $10,500,000 (the "AP Loan") to an entity known as 34 North Pearl Street LLC ("34 Pearl"), whose affiliate operated a nursing home facility located in Brockton, Massachusetts known as Braemoor Health Care Center ("Braemoor").

15. To guaranty the AP Loan, the Plaintiff and Defendants each executed a certain guaranty agreement of even date wherein each guarantor personally guaranteed the AP Loan up to the sum of $2.0 million, plus reasonable collection fees and expenses.

16. As with the Capital Loans, the AP Loan also went into default and became the subject of multiple forbearance agreements extending the maturity date until December 31, 2017.

17. Under the last forbearance agreement, the total maximum guaranteed liability for Plaintiff and ZL was reduced to $750,000, while Newmark was released by AP from his direct obligations, although he was not released from his backup guaranty given to Plaintiff.

18. Following a maturity default on December 31, 2017, AP filed an action against the Plaintiff and ZL to recover under their respective guaranties in New York County, Supreme Court (Index No. 651570/2018) (the "New York Action").

19. On October 29, 2019, AP obtained a judgment against Plaintiff in the amount of $932,340.62, plus statutory post-judgment interest.

20. On or about June 24, 2020, AP and Plaintiff finalized an agreement pursuant to which Plaintiff agreed to pay the sum of $875,000 to resolve the outstanding guaranty debts and obligations. The payment to AP was funded by Plaintiff without any contribution from the Defendants.

**The Backup Guaranty**

21. As noted above, Plaintiff was a passive financial investor in his son's nursing home businesses. Lacking day-to-day involvement, Plaintiff agreed to provide a personal guaranty in favor of CF relating to the Capital Loans based upon Defendants' respective execution of a corresponding backup guaranty and indemnity given to Plaintiff to induce Plaintiff's direct guaranty of the Capital Loans.

22. Defendants' corresponding guaranty and indemnity was memorialized by a certain agreement entitled "Backup Guaranty" prepared by Aaron Rokach, Esq., who coordinated execution thereof in counterpart on or about March 2, 2014 (the "Backup Guaranty").

23. Pursuant to the Backup Guaranty, each of the Defendants personally guaranteed to the Plaintiff "jointly and severally" the repayment of all liabilities, claims, losses, demands and causes of action of any nature whatsoever incurred by [Plaintiff] pursuant to the [Capital Loans]."

24. The Backup Guaranty expressly provided that the "[Defendants] acknowledge[] and agree[] that [Plaintiff] has specifically bargained for and relied on this [Backup Guaranty], and that but for the [Defendants] entering into this [Backup Guaranty], [Plaintiff] would not have entered into the [Guaranty]" of the Capital Loans.

25. Pursuant to the express terms of the Backup Guaranty, Defendants are "jointly and severally" liable to Plaintiff for reimbursement of the sum of $6.1 million paid to CF in 2020 on account of his guaranty.

26. In addition to the foregoing, the Backup Guaranty provides that:

> In the event that [Plaintiff] prevails on the merits of its claim, the [Defendants] shall additionally pay to [Plaintiff] upon demand all

5

fees, costs and expenses incurred by [Plaintiff] in connection with placing this Guaranty in the hands of one or more attorneys for collection or any other legal proceeding with respect to the [Defendants], including, without limitation, any bankruptcy, reorganization, receivership or other proceedings affecting creditors' rights or involving a claim under this Guaranty.

27. Plaintiff has incurred, and will continue to incur, costs and expenses, including attorneys' fees in this action (the "Collection Costs").

**Defendant's Misapplication of Funds Relating to 34 Pearl**

28. In or around August/September 2017, Plaintiff contributed additional capital of $600,000 at the request of ZL in furtherance of a tri-party agreement that Plaintiff's additional capital contribution would be paid into 34 Pearl in consideration for a dollar-for-dollar reduction of his guaranteed liability to AP from $750,000 to $150,000.

29. As expressly instructed by ZL, Plaintiff wired the sum of $600,000 in the belief and understanding that the capital was being deposited in the accounts of 34 Pearl to be used to pay certain accrued debt service owed to MA and other 34 Pearl obligations. However, contrary to his representations and fiduciary responsibilities, ZL misdirected the capital contributed by Plaintiff of $600,000 for non-34 Pearl purposes and this capital was not used for its intended purpose. In turn, AP never credited Plaintiff with a reduction in his guaranty liability.

30. ZL took advantage of the trust and confidence placed in him by his father to misdirect and/or misapply his additional $600,000 capital contribution to the advantage of ZL and the detriment of Plaintiff.

**AS AND FOR A FIRST CLAIM FOR RELIEF FOR REIMBURSEMENT AND INDEMNIFICATION AGAINST EACH OF THE DEFENDANTS PURSUANT TO THE BACK-UP GUARANTY**

31. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "32" above as though set forth at length herein.

32.     Pursuant to the Back-Up Guaranty, Defendants are each liable to Plaintiff, jointly and severally, to reimburse Plaintiff for the amounts actually paid in 2020 to resolve the guaranty liability owed to CF asserted in the Maryland Action totaling $6.1 million.

33.     The Plaintiff's payment of $6.1 million to CF constitutes a reimbursable claim, loss, or damage incurred by Plaintiff in connection with the Capital Loans within the meaning of the Back-Up Guaranty for which each Defendant is, jointly and severally, liable for indemnity to Plaintiff.

34.     Defendants have failed and refused to reimburse and indemnify Plaintiff pursuant to the Back-Up Guaranty.

35.     In view of the foregoing, Plaintiff is entitled to a judgment against each of the Defendants, jointly and severally, in the sum of $6.1 million, together with accrued interest and attorneys' fees and costs as provided by the Back-Up Guaranty.

### AS AND FOR A SECOND CLAIM FOR RELIEF FOR COMMON LAW CONTRIBUTION AGAINST ZL

36.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" above as though set forth at length herein.

37.     In 2020, Plaintiff paid total sum of $6,975,000 to CF ($6.1 million) and AP ($875,000) on account of the respective guaranties, while ZL paid relatively little to the Lenders or nothing at all.

38.     As a co-guarantor, ZL is obligated to contribute his proportionate share (50%) towards resolution and payment of the guaranteed debt.

39.     ZL failed to pay or contribute his proportionate share of the total payments made by Plaintiff to the Lenders to resolve the guaranteed debt.

*40.*  As a result of the foregoing, ZL is liable to Plaintiff in an amount equal to fifty percent (50%) of the total amounts paid by Plaintiff ($6,975,000 ÷ 2 = $3,487,500) under common law principles of contribution.

41.  In view of the foregoing, Plaintiff is entitled to a judgment against ZL in the sum of $3,487,500 for contribution, together with all accrued interest thereon.

## AS AND FOR A THIRD CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY AGAINST ZL

42.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "41" above as though set forth at length herein.

43.  That as the managing member of 34 Pearl, ZL owed a fiduciary duty to the Plaintiff to manage the company ethically and competently, including the obligation to utilize all capital contributions made by Plaintiff for their intended and proper purposes.

44.  That Plaintiff was induced to make an additional capital contribution of $600,000 in reliance upon ZL's promise, representation and commitment to utilize the funds for the direct benefit and deposit into the accounts of 34 Pearl.

45.  That, in violation of his fiduciary duties, ZL misapplied and/or misdirected the Plaintiff's $600,000 capital contribution and did not utilize said capital for its intended and proper purposes. To the contrary, ZL upon information and belief, utilized the funds for personal purposes or other ultra vires transactions.

46.  As his adult son, Plaintiff placed even greater trust and confidence in ZL to properly apply and utilize less additional capital of $600,000 as intended in order to reduce his personal liability to AP from $750,000 to $150,000.

47. As a result of ZL's misconduct, Plaintiff lost the benefit of the $600,000 capital contribution in terms of reducing his guaranty liability to AP, and has sustained damages in the sum of at least $600,000, together with accrued interest and costs.

48. In view of the foregoing, Plaintiff is entitled to a judgment against ZL for breach of fiduciary duty in the sum of $600,000, together with accrued interest thereon.

WHEREFORE, plaintiff, Larry H. Lipschutz, demands judgment against defendants, Avi "Zisha" Lipschutz and Dov Newmark as follows:

(a) On Plaintiff's first claim of relief, Plaintiff is entitled to a judgment against each of the Defendants, jointly and severally, in the amount of $6.1 million, together with accrued interest and attorneys' fees and costs as provided by the Back-Up Guaranty;

(b) On Plaintiff's second claim of relief, Plaintiff is entitled to a judgment against ZL in the sum of $3,487,500 for contribution, together with all accrued interest thereon;

(c) On Plaintiff's third claim of relief, Plaintiff is entitled to a judgment against ZL for breach of fiduciary duty in the sum of $600,000, together with accrued interest thereon; and

(d) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 11, 2021

        GOLDBERG WEPRIN
        FINKEL GOLDSTEIN LLP
        *Attorneys for Plaintiff*

        By:   */s/ Kevin J. Nash*
            Kevin J. Nash, Esq.
            1501 Broadway — 22nd Floor
            New York, New York 10036
            (212) 221-5700
            Fax: (212) 221-6532
            knash@gwfglaw.com